**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-237-SJM |
| v. | ) | |
| | ) | |
| EBERT G. BEEMAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., District J.,

This case was commenced on September 22, 2010 when the United States filed its complaint seeking, among other things, to reduce to judgment various assessments made against Defendant Ebert G. Beeman ("Ebert") for unpaid federal income taxes and statutory additions relative to tax years 1994, 1996, 1997, and 2002 through 2006. Apart from the foregoing relief, the complaint seeks to: (a) foreclose on the corresponding federal tax liens which the United States holds against certain real properties (referred to herein as the "Four Real Properties")[1] allegedly owned by Ebert, (b) sell the properties, and (c) distribute the proceeds in accordance with the rights of the parties, with amounts attributable to Ebert's interests to be paid to the United States in satisfaction of his unpaid federal tax liabilities. Finally, the Government seeks to (i) obtain a determination that certain entities controlled by Ebert are his nominees or alter

---

[1] The properties in question are all located in Waterford, Pennsylvania within the County of Erie at the following addresses: (i) 12744 Route 19; (ii) 12752 Route 19; (iii) 12803 Route 19; and (iv) 777 Old State Road. All four properties are situated within the geographical boundaries of this Court's jurisdiction.

egos and/or (ii) obtain a declaration that certain transfers relating to these properties were fraudulent transfers or sham transactions.[2]

Aside from Ebert, the named Defendants in this action include Ebert's parents, Howard and Lillian Beeman, and two limited liability companies organized under the laws of New Mexico and wholly owned by Ebert – *to wit*, Fifth Third Financial, LLC ("Fifth Third") and Autumn Frost, LLC ("Autumn Frost").  These parties were named as Defendants because it was thought by the Government that some or all of these Defendants might attempt to assert an interest in the Four Real Properties.  In fact, each of the Four Real Properties is titled in the name of Defendant Fifth Third; however, the United States asserts that it is entitled to foreclose upon the properties because Fifth Third is merely Beeman's nominee.

Following the commencement of this action, summonses were issued and, along with the complaint, were served on all Defendants.  Defendant Lillian Beeman was initially served on October 14, 2010, when she was personally given a copy of the complaint and summons at a bowling alley located in Waterford.  (*See* Doc. No. [5].)  Lillian Beeman subsequently filed an "answer" [15] in which she acknowledged residing at 777 Old State Road (one of the Four Real Properties at issue) but seemingly disclaimed any ownership interest in Ebert's properties.  Lillian Beeman further indicated that, although she resides at 777 Old State Road, she receives her mail at 781 Old State Road (not one of the Four Real Properties at issue here).

---

[2] This Court has subject matter jurisdiction over the instant lawsuit by virtue of 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. § 7402(a).

According to the Government's proof of service, Howard Beeman was served, and Lillian Beeman was re-served, on November 5, 2010, when copies of the complaint and summonses for both Defendants were given to Lillian Beeman at 781 Old State Road. (*See* Doc. Nos. [17] and [19].) Howard Beeman failed to enter an appearance, file a pleading, or otherwise defend the action. Defendants Fifth Third and Autumn Frost similarly failed to properly enter an appearance, plead, or otherwise defend the action. Accordingly, defaults were entered against these Defendants on December 3, 2010 [21] pursuant to Fed. R. Civ. P. 55(a).[3]

On June 30, 2011, this Court entered a Memorandum Opinion and Order [39] which disposed of various motions and, among other things, granted summary judgment in favor of the United States with respect to Count I of the complaint. In accordance with this ruling, a separate Order of Judgment [40] was entered that same date ordering, adjudging, and decreeing "that Defendant Ebert G. Beeman is indebted to the United States for unpaid income taxes for the taxable years 1994, 1996, 1997, and 2002 through 2006 in the amount of $2,124,396.80, as of November 15, 2010 with interest accruing after that date according to law until paid." (*See* Doc. No. [40].) On July 6, 2011, this Court entered an order [43] certifying the June 30 Order of Judgment as a final, appealable judgment in accordance with Fed. R. Civ. P. 54(b).

---

[3] Ebert later moved to set aside the defaults entered against Fifth Third and Autumn Frost on the ground that he had personally answered the complaint on their behalf [27]; however, this Court denied the motion on the ground that the corporate Defendants could not be represented *pro* se by Ebert Beeman, a non-lawyer, and had to instead enter an appearance through legal counsel. (*See* Mem. Op. of 6/30/11 [39] at pp. 13-14.)

**A.**

Still pending before the Court, however, is the United States' second motion for summary judgment [29] relative to Counts II through VI of the complaint. Count II of the Government's complaint seeks an order adjudging and decreeing: (i) that the United States has valid and subsisting federal tax liens on all of Ebert's property and rights to property, including his interest in the Four Real Properties; (ii) that any putative interests in the Four Real Properties on the part of Fifth Third, Autumn Frost, Howard Beeman, or Lillian Beeman are void; and (iii) that the federal tax lien attaching to Ebert's interest in the Four Real Properties be foreclosed upon and the proceeds applied toward Ebert's tax liabilities for the years in question. Count III seeks an order adjudging and decreeing that Fifth Third is the nominee or alter ego of Ebert Beeman. Counts IV and V seeks orders setting aside, respectively, Ebert's putative transfer of his interest in the Four Real Properties to Fifth Third and his transfer of a mortgage interest in the properties located at 12744 and 12752 Route 19 to Autumn Frost on the ground that these transfers were fraudulent. Count VI seeks an order adjudging and decreeing that the various transfers between Ebert and the other named Defendants are sham transactions and that Ebert is the true and sole owner of the Four Real Properties. In actuality, a grant of summary judgment in favor of the United States relative to Counts II and III of the complaint would render the remaining counts moot, as Counts IV through VI merely present alternative legal theories in support of the Government's case.

The Defendants were directed to respond to this second motion for summary judgment on or before March 17, 2011; however, no responsive documents have been filed to date by Defendants Howard Beeman, Lillian Beeman, Fifth Third, or Autumn

Frost. Ebert Beeman also did not file any documents responding directly to the Government's second motion for summary judgment, although he did file a motion [32] and supporting briefs ([36] and [38]) directed at the Government's initial motion for summary judgment relative to Count I.

In my June 30, 2011 Memorandum Opinion and Order, I evaluated the merits of the United States' second motion for summary judgment in light of the record as it then stood. (*See* Mem. Op. dated 6/30/11 [39] at pp. 23-29.) I found that the evidence of record did not give rise to any genuinely disputed issue of material fact relative to the Government's request for summary judgment on Counts II and III of the complaint. Nonetheless, this Court indicated that it would defer entering judgment for a period of twenty (20) days, during which time Defendants Fifth Third and Autumn Frost would have to secure legal counsel if they wished to defendant the instant litigation. I also directed that Defendants Fifth Third, Autumn Frost, and Howard Beeman show cause, on or before the expiration of the twenty (20) days, why the Government's motion for summary judgment relative to Counts II and III should not be granted. I specifically indicated that failure by any of these Defendants to show cause as directed would be construed by the Court as an indication that said Defendant has no intention of defending this litigation.

Thereafter, on July 18, 2011, the Court received a letter [46] from an individual purporting to be Defendant Howard Beeman and stating as follows:

> Ebert Beeman has never paid me for the property on Old State Road. As far as I'm concerned it is still mine! He has paid the taxes and built things on this property, but he has never paid me the money he agreed to pay. I just learned about the action the United States government is attempting

to take concerning my property on Old State Road through an article I read in the Erie Times News on 7/9/2011. I bought this property in the 1940's and Ebert Beeman never gave me a dime for it and now the government wants to steal it from me. It is not Ebert's property, it is mine. I have always paid my taxes and I want the government to leave my property alone.

Thank you for your time and protecting my property rights[.]

(See Letter Response filed 7/18/2011 [46] at p. 1.) The letter is signed "Howard Beeman."

This document might prove problematic for the Government's foreclosure action, were it not for the fact that Howard Beeman is deceased. According to an obituary published by the Erie Times News on April 7, 1997 (and appended to this Memorandum Opinion), Howard Beeman died at the age of 75 on April 6, 1997. An Erie Times News article published on July 20, 2011 quotes Defendant Ebert Beeman as denying knowledge of the letter but acknowledging that his father is deceased. (See "Letter from Beeman's deceased father raises questions in tax case," published at http://www.goerie.com/apps/ pbcs.dll/article?AID=2011307209974.) Pursuant to Federal Rule of Evidence 201, judicial notice may be taken of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) *capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.*" Fed. R. Evid. 201(b) (emphasis added). Based upon the aforementioned April 7, 1997 obituary, this Court will take judicial notice of the fact that Defendant Howard Beeman is, in fact, deceased. The Court further notes that at no point in time since the commencement of this action has any personal representative of Howard Beeman's ever stepped forward to appear

in this action or to offer a defense on behalf of his estate.[4]  As for the issue of who

supplied the letter purporting to be signed by Howard Beeman, the Court will leave the

resolution of that mystery for another day.  Suffice it to say that the Court will disregard

the letter response filed on July 18, inasmuch as it is clearly inauthentic and, therefore,

incapable of supporting the existence of a genuinely disputed issue of material fact.

In sum, based upon the reasons previously set forth in this Court's June 30, 2011

Memorandum Opinion, the Court finds that there is no genuine dispute as to any

material fact and that the United States is entitled to judgment as a matter of law with

respect to Counts II and III of the complaint.  Because Counts IV through VI are

rendered moot by this ruling, they need not be addressed.  The United States' Second

Motion for Summary Judgment will be granted and a separate order of judgment will be

entered accordingly.

**B.**

The Court also notes that, on July 13, 2011, Ebert filed a motion [44] to stay this

Court's June 30, 2011 Order of Judgment [40] relative to Count I of the complaint,

pending an appeal to the Third Circuit Court of Appeals.  Upon consideration of that

motion and the Government's response thereto, I find that the motion lacks merit, and it

will therefore be denied.

When an appeal is taken, the appellant may obtain a stay of proceedings to

enforce a judgment pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, but

only by filing a supersedeas bond "given upon or after filing the notice of appeal or after

---

[4] The Court notes that, according to the obituary appended to this Memorandum Opinion, Howard and
Lillian Beeman were no longer married as of the time of his death.

obtaining the order allowing the appeal." Fed. R. Civ. P. 62(d). In such cases, the stay takes effect when the court approves the bond. *Id.* In this case, Ebert has neither filed a notice of appeal from the June 30 Judgment Order nor posted a bond as required by the rule. Accordingly, a stay of proceedings is inappropriate.

Moreover, to the extent this Court has the discretion to waive the bond requirement, it declines to do so in this case. While our circuit court of appeals has not spoken directly to the issue, some courts within the Third Circuit have held that district judges possess the discretion, in certain cases, to grant a rule 62(d) stay in the absence of a bond. *See AMG Nat. Trust Bank v. Ries*, Civil Action No. 06-CV-4337, 2008 WL 2312352 at *1 (E.D. Pa. June 4, 2008) (citing authority). However, it is generally recognized that such discretion should be exercised only in exceptional circumstances and where there exists an alternative means of securing the judgment creditor's interest. *See id.; Porter v. NationsCredit Consumer Discount Co.,* Civ. A. No. 03-3768, 2007 WL 674709 at *1 (E.D. Pa. Feb. 28, 2007) (citations omitted); *Schreiber v. Kellogg,* 839 F. Supp. 1157, 1159 (E.D.Pa.1993).

Among the factors which courts have considered in determining whether a Rule 62(d) stay should be granted in the absence of the appellant posting a supersedeas bond are the following:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*See Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 751 (E.D. Pa. 2008) (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)). Although the financial hardship which a bond would impose upon the appellant is an important factor, "the mere prospective inability to pay a judgment is insufficient for a stay without a bond unless the judgment debtor has 'objectively demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process.'" *AMG Nat. Trust Bank, supra*, at *2 (quoting *Hurley v. Atlantic City Police Department*, 944 F. Supp. 371, 377-87 (E.D.Pa.1996)). *See also HCB Contractors v. Rouse & Associates*, 168 F.R.D. 508, 512 (E.D. Pa.1995) ("It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impracticable; likewise it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.") (*quoting Grand Entertainment Group, Ltd. v. Star Media Sales, Inc*., No. 86-5763, 1992 WL 114593 at *1-2 (E.D. Pa. May 18, 1992)).

Here, Ebert has failed to offer any information about his financial circumstances, much less has he demonstrated his ability to satisfy the judgment and maintain the same degree of solvency through the appellate process. In short, he has failed to demonstrate the type of exceptional circumstances that would justify waiver of a supersedeas bond.

Moreover, the record in this case, and in other matters before this Court, demonstrate that Ebert has previously engaged in illegitimate machinations in order to evade the IRS's collection efforts. In separate litigation, the Government earlier sought and obtained from this Court an order compelling Ebert to comply with an IRS summons. *See United States of America v. Ebert G. Beeman*, No. 1:09-cv-158-SJM,

2010 WL 653062 (W.D. Pa. Feb. 19, 2010), *aff'd*, *U.S. v. Beeman*, 388 Fed. Appx. 82 (3d Cir. July 28, 2010).  In the case at bar, Ebert's own filings, together with the Government's uncontested evidence, establish that Ebert has attempted to evade the IRS's collection efforts by employing empty shell corporations, invoking spurious tax-defier theories, and (in one instance) claiming that the property and business located at 12744 Route 19 were owned by an individual later determined to be a long-deceased signer of the Declaration of Independence.

Given all of the foregoing circumstances, the Court finds that issuance of a Rule 62(d) stay would be inappropriate.  Accordingly, the Motion to Stay Pending Appeal will be denied.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-237-SJM |
| v. | ) | |
| | ) | |
| EBERT G. BEEMAN, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

AND NOW, *to wit*, this 22nd Day of July, 2011, for the reasons set forth both in the accompanying Memorandum Opinion and this Court's Memorandum Opinion entered on June 30, 2011 [39],

IT IS ORDERED that the United States' Second Motion for Summary Judgment [29] shall be, and hereby is, GRANTED, and, accordingly, a separate Order of Judgment in favor of the United States relative to Counts II and III of the complaint shall be entered forthwith.

IT IS FURTHER ORDERED that the Motion to Stay Pending Appeal [44] filed by Defendant Ebert G. Beeman shall be, and hereby is, DENIED.

s/    Sean J. McLaughlin

SEAN J. McLAUGHLIN
United States District Judge

cm:    All parties of record.