IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
(ERIE DIVISION)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) No. 1:10-cv-00237-SJM |
| | ) |
| v. | ) |
| | ) |
| EBERT G. BEEMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF SALE

AND NOW, this 22nd Day of July, 2011, it is hereby ORDERED:

1. That the United States, through its Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized under 28 U.S.C. §§ 2001 and 2002 to offer for sale at public auction and to sell the property commonly known as:

**(a)** 12744 Route 19, Waterford, Pennsylvania; **(b)** 12752 Route 19, Waterford, Pennsylvania; **(c)** 12803 Route 19, Waterford, Pennsylvania; and **(d)** 777 Old State Road, Waterford, Pennsylvania (collectively, the "Real Property.").

2. The terms and conditions of the sale are as follows:

   a. The sale of the Real Property shall be free and clear of the interests of the Defendants to this action;

1

b.  The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Property, and easements and restrictions of record, if any;

c.  The sale shall be held either at the courthouse of the county or city in which the Real Property is located or on the Real Property's premises;

d.  The PALS shall announce the date and time for sale;

e.  Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Erie County, Pennsylvania, and, at the discretion of the PALS, by any other notice that the PALS deems appropriate.  The notice shall contain a description of the Real Property and shall contain the terms and conditions of sale in this order of sale;

f.  The PALS shall set the minimum bid.  If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid;

g.  At the time of the sale, the successful bidder(s) shall deposit with the PALS, by certified or cashier's check payable to the "Clerk, U.S. District Court," a minimum of 20 percent of the bid.  This payment shall be placed into the registry of the Court, and the payment shall not accrue interest.  Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this

requirement.  No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

        h.  The successful bidder(s) shall pay the balance of the purchase price for the Real Property to the Clerk of this Court within 30 days following the date of the sale, by a certified or cashier's check payable to the "Clerk, U.S. District Court."   This payment shall be placed into the registry of the Court, and the payment shall not accrue interest.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the tax liabilities of Ebert Beeman at issue in this case.  The Clerk of this Court shall distribute the deposit as directed by the PALS by check made to the "United States Treasury."  The Real Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder;

        i.  The sale of the Real Property shall be subject to confirmation by this Court.  On confirmation of the sale, the PALS shall execute and deliver its deed conveying the Real Property to the purchaser.  On confirmation of the sale, all interests in, liens against, or claims to, the Real Property that are held or asserted by all parties to this action are discharged and extinguished;

        j.  When this Court confirms the sale, the Erie County Recorder of Deeds shall cause transfer of the Real Property to be reflected upon that county's register of title.

The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

  k. The sale of the Real Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

  l. The PALS in its discretion may sell the all four parcels of Real Property in a single sale, sell each parcel individually, or in any combination thereof.

 3. Until the Real Property is sold, Defendant Ebert Beeman shall take all reasonable steps necessary to preserve the Real Property (including all buildings, improvements, fixtures, and appurtenances on the Real Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Real Property. He shall neither commit waste against the Real Property nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Real Property nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Real Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

 4. All persons occupying the Real Property shall vacate the Real Property permanently within 30 days of the entry of this Order, each taking with them their personal property (but leaving all improvements, buildings, fixtures, and

appurtenances to the Real Property). The PALS may extend any executory lease contract beyond this 30-day period. Upon delivery of the deed to the Real Property to the successful bidder, the successful bidder will have the option to extinguish any lease as allowed under state law. If any person fails or refuses to vacate the Real Property by the date specified in this order of sale, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Real Property 30 days after the date of this order of sale is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid to the United States Treasury and applied to the tax liabilities of Ebert Beeman at issue in this case.

5. Pursuant to its judgment, the United States has a judgment against Ebert Beeman in the amount of $2,124,396.80 as of November 15, 2010, together with all interest and costs that have accrued and will continue to accrue according to law.

6. Pending the sale of the Real Property and until the deed to the Real Property is delivered to the successful bidder, the United States is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Real Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property.

7. No later than 30 days after receipt of the balance of the purchase price of the Real Property sold, the United States shall file a report of sale with the Court, together with a proposed order of confirmation of the sale that includes a proposed distribution of proceeds and proposed deed of sale.

8. After the Court confirms the sale, the sale proceeds are to be paid by the Clerk of this Court and applied to the following items, in the order specified:

   a. First, for the expenses of the sale, to the United States Treasury, including any expenses incurred to secure or maintain the Real Property pending sale and confirmation by the Court, and to Erie County for any unpaid and matured Real Property taxes on the Real Property;

   b. Second, the remaining proceeds shall be distributed to the United States Treasury for the liability of Ebert Beeman for tax liabilities for federal income tax, penalties, and interest for the years 1994, 1996, 1997, and 2002 through 2006 as described more fully in paragraph 5, above, until these tax liabilities are satisfied; and

   c. Third, any balance remaining shall be distributed to Ebert Beeman.

SO ORDERED on this the _22nd___ day of ___July_____, 2011

_____
UNITED STATES DISTRICT JUDGE